[Cite as *McGrath v. State*, 2011-Ohio-1857.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us


JOSEPH MCGRATH

    Plaintiff

    v.

STATE OF OHIO

    Defendant
    Case No. 2009-08781-WI

Judge Joseph T. Clark

DECISION


{¶ 1} On December 9, 2009, defendant filed a motion for partial summary judgment as to plaintiff's claim for false imprisonment. On December 21, 2009, plaintiff filed a response and his own motion for summary judgment relative to his claim for wrongful imprisonment pursuant to R.C. 2743.48. On January 11, 2010, the court granted the parties leave to file additional memoranda on or before February 8, 2010. On October 28, 2010, defendant filed a motion to dismiss plaintiff's claim of wrongful imprisonment pursuant to Civ.R. 12(B)(1). Plaintiff filed a response on November 5, 2010. The motions are now before the court for a non-oral hearing.[1]

{¶ 2} Civ.R. 56(C) states, in part, as follows:

{¶ 3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of

---

[1]The court notes that proceedings in this case were stayed, pending a decision by the Supreme Court of Ohio in *Griffith v. Cleveland*, Slip Opinion No. 2010-Ohio-4905, which was rendered on October 12, 2010. Therefore, the court's October 6, 2010 entry staying proceedings is hereby VACATED.

evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also *Gilbert v. Summit County*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

{¶ 4} According to his complaint, plaintiff was indicted in 2007 for one count of menacing by stalking. On March 12, 2008, plaintiff was convicted and sentenced to an 18-month term of incarceration. Plaintiff's sentence expired on September 26, 2008, and he was released from prison.

{¶ 5} On March 26, 2009, the Eighth District Court of Appeals vacated plaintiff's guilty plea and remanded his case to the trial court. The court of appeals found that the trial court erred when it accepted plaintiff's change of plea without first holding a hearing to determine whether plaintiff's competency had been restored. Plaintiff filed a copy of a journal entry, dated October 14, 2009, which states that Case No. CR-07-0493644-A, an indictment for menacing by stalking, was dismissed without prejudice. Plaintiff alleges that he was either "wrongfully" or "falsely" imprisoned for 18 months.

{¶ 6} Defendant asserts that it is entitled to summary judgment as a matter of law as to plaintiff's claim of false imprisonment.[2] In support of its motion, defendant filed the affidavit of Melissa Adams, chief of the Bureau of Sentence Computation (BOSC), who states, in relevant part:

{¶ 7} "3. On March 14, 2008, Plaintiff was sentenced in Cuyahoga County with jail time credit to be calculated by the sheriff. Plaintiff was admitted to DRC on March

---

[2]The court notes that although plaintiff uses the term "false imprisonment" in his complaint, in his December 21, 2009 response to defendant's motion for summary judgment, he states: "The plaintiff is not suing the Ohio Department of Rehabilitation for being held past any lawful release date as the defense counsel has erroneously alleged in their motion and in fact the plaintiff has not even mentioned the DRC at all in his complaint." The court also notes that plaintiff has not named the Department of Rehabilitation and Correction as a defendant.

25, 2008. On that same date, BOSC received the sheriff's letter indicating that Plaintiff had been confined in the county jail from March 12, 2007 to December 28, 2007 and January 5, 2008 to March 25, 2008. Therefore, Plaintiff was entitled to a total of 352 days of jail time credit.

{¶ 8} "4. On September 26, 2008 BOSC received another journal entry from the sentencing court stating that Plaintiff was entitled to 362 days jail time credit. This journal entry was processed and Plaintiff was released on that same date.

{¶ 9} "6. [sic] BOSC calculated the terms of Plaintiff's sentences and determined the date for the expiration of his sentences based upon the sentencing court's orders and the information pertaining to the amount of jail time credit that BOSC received."

**FALSE IMPRISONMENT**

{¶ 10} "False imprisonment occurs when a person confines another intentionally 'without lawful privilege and against his consent within a limited area for any appreciable time * * *.'" *Bennett v. Ohio Dept. of Rehab. & Corr.* (1991), 60 Ohio St.3d 107, 109, quoting *Feliciano v. Kreiger* (1977), 50 Ohio St.2d 69, 71. The elements of a false imprisonment claim are: 1) expiration of the lawful term of confinement; 2) intentional confinement after the expiration; and 3) knowledge that the privilege initially justifying the confinement no longer exists. *Corder v. Ohio Dept. of Rehab. & Corr.* (1994), 94 Ohio App.3d 315, 318. However, "'an action for false imprisonment cannot be maintained where the wrong complained of is imprisonment in accordance with the judgment or order of a court, unless it appear that such judgment or order is void.'" *Bennett*, supra, at 111, quoting *Diehl v. Friester* (1882), 37 Ohio St. 473, 475.

{¶ 11} In this instance, the court of appeals' decision vacating plaintiff's sentence was rendered on March 26, 2009, after plaintiff had been released from custody. Therefore, plaintiff cannot prove that he was intentionally confined after the expiration of his term of confinement. Accordingly, construing the facts most strongly in plaintiff's favor, the court finds that defendant is entitled to summary judgment on plaintiff's claim of false imprisonment as a matter of law.

## WRONGFUL IMPRISONMENT

{¶ 12} Plaintiff also claims that he is a wrongfully imprisoned individual as that term is used in R.C. 2743.48(A)(5). As stated above, plaintiff has moved the court for partial summary judgment as to this claim; defendant has moved to dismiss the claim for lack of subject matter jurisdiction.

{¶ 13} In ruling upon a motion to dismiss pursuant to Civ.R. 12(B)(1), the court must determine whether any cause of action cognizable by the form is raised in the complaint. See *Avco Financial Services Loan, Inc. v. Hale* (1987), 36 Ohio App.3d 65.

{¶ 14} The Supreme Court of Ohio has stated that "[o]nly courts of common pleas have jurisdiction to determine whether a person has satisfied the five requirements of R.C. 2743.48(A)," and "[a]ll wrongful-imprisonment claimants must follow a two-step process. In the first step, the claimant must bring an action in the court of common pleas to secure a determination that he or she is a wrongfully imprisoned individual entitled to compensation. In the second step, the claimant must file a civil action against the state, in the Court of Claims, to recover a sum of money. (*Walden v. State* (1989), 47 Ohio St.3d 47, 547 N.E.2d 962, followed.)" *Griffith*, supra, paragraphs one and two of the syllabus.

{¶ 15} Plaintiff has not alleged that he has been declared to be a wrongfully imprisoned individual by any court of common pleas and this court is without jurisdiction to make such a declaration. *Griffith*, supra.

{¶ 16} For the foregoing reasons, the court finds that both defendant's motion to dismiss plaintiff's claim for wrongful imprisonment and defendant's motion for summary judgment as to the claim of false imprisonment shall be granted.

{¶ 17} In light of this decision, all other pending motions, including plaintiff's motion for summary judgment, are DENIED as moot.

## Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263

JOSEPH MCGRATH

     Plaintiff

     v.

STATE OF OHIO

     Defendant
     Case No. 2009-08781-WI

Judge Joseph T. Clark

<u>JUDGMENT ENTRY</u>

A non-oral hearing was conducted in this case upon defendant's motion for partial summary judgment. For the reasons set forth in the decision filed concurrently herewith, defendant's motion for partial summary judgment is GRANTED and judgment is rendered in favor of defendant on plaintiff's claim of false imprisonment. Defendant's motion to dismiss plaintiff's claim for wrongful imprisonment is GRANTED and plaintiff's claim for wrongful imprisonment is DISMISSED. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

                         _____
                         JOSEPH T. CLARK
                         Judge

cc:

Stephanie D. Pestello-Sharf
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Joseph McGrath, #570-434
501 Thompson Road
Conneaut, Ohio 44030

HTS/cmd
Filed March 23, 2011
To S.C. reporter April 12, 2011