[Cite as *Mansaray v. State*, 2012-Ohio-3376.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98171**

# YANKO MANSARAY

PLAINTIFF-APPELLANT

vs.

# STATE OF OHIO

DEFENDANT-APPELLEE

## JUDGMENT:
## REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-765125

**BEFORE:** Kilbane, J., Sweeney, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** July 26, 2012

**ATTORNEY FOR APPELLANT**

Terry H. Gilbert
Friedman & Gilbert
1370 Ontario Street
Suite 600
Cleveland, Ohio 44113-1752

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
Brian R. Gutkoski
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

**{¶1}** This is an accelerated appeal brought pursuant to App.R. 11.1 and Loc.App.R. 11.1.

**{¶2}** Plaintiff-appellant, Yanko Mansaray ("Mansaray"), appeals the trial court's judgment granting the motion to dismiss of defendant-appellee, the state of Ohio ("State"). For the reasons set forth below, we reverse and remand.

**{¶3}** In January 2007, Mansaray was indicted with drug trafficking, drug possession, possessing criminal tools, and having a weapon while under disability. The drug trafficking and drug possession counts had major drug offender and firearm specifications attached. The charges resulted from the discovery of large quantities of ecstasy pills in Mansaray's home, while U.S. Marshals attempted to execute an arrest warrant for another person allegedly at Mansaray's home.

**{¶4}** Prior to trial, Mansaray moved to suppress the drugs and guns found in his home. The trial court denied the motion after a hearing, and the matter proceeded to a jury trial. The jury found Mansaray guilty of drug possession and possessing criminal tools, but not guilty of drug trafficking. In a bifurcated hearing, the trial court found Mansaray guilty of having a weapon while under disability. In October 2007, the trial court sentenced Mansaray to a total of 11 years in prison.

**{¶5}** Mansaray then filed an appeal with this court, arguing that the trial court erred when it denied his motion to suppress. *State v. Mansaray*, 8th Dist. No. 93562, 2010-Ohio-5119. We agreed with Mansaray, finding that the U.S. Marshals violated Mansaray's Fourth Amendment rights when they failed to obtain a search warrant to search his home and had no reasonable belief that the suspect they were looking for lived with Mansaray. *Id.* at ¶ 26. As a result of this court's opinion in *Mansaray*, Mansaray was released from prison and the trial court dismissed the indictment against him.

**{¶6}** In September 2011, Mansaray brought a wrongful imprisonment action against the State under R.C. 2743.48, alleging that an error in procedure (the trial court's denial of his motion to suppress, which was subsequently found to be improper) resulted in his release. In response, the State moved to dismiss Mansaray's complaint under Civ.R. 12(B)(6). The State argued that Mansaray failed to state a claim because the illegal search occurred in December 2006, which did not occur "'subsequent to his sentencing and during or subsequent to his imprisonment' as laid out in R.C. 2743.48(A)(5)." R.C. 2743.48(A)(5) provides in pertinent part: "a 'wrongfully imprisoned individual' means an individual who satisfies each of the following: * * * [s]ubsequent to sentencing and during or subsequent to imprisonment, an error in procedure resulted in the individual's release, or it was determined by a court of common pleas that the offense of which the individual was found guilty, including all lesser-included offenses, either was not committed by the individual or was not committed by any person." The trial court agreed with the State and dismissed

Mansaray's complaint, finding that under a plain reading of R.C. 2743.48(A)(5), "the error must have taken place after the conviction in order for an individual to take advantage of the statutory allowance."

**{¶7}** It is from this order that Mansaray now appeals, raising the following single assignment of error for review.

ASSIGNMENT OF ERROR

The trial court erred by reading [R.C. 2743.48] so as to ignore the required liberal construction of the statute and the legislative intent of the relevant language.

Standard of Review

**{¶8}** We apply a de novo standard of review to the trial court's granting of a motion to dismiss under Civ.R. 12(B)(6) for failure to state a claim. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5, citing *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, 768 N.E.2d 1136. Under this standard of review, we must independently review the record and afford no deference to the trial court's decision. *Herakovic v. Catholic Diocese of Cleveland*, 8th Dist. No. 85467, 2005-Ohio-5985, ¶ 13.

**{¶9}** In order for a trial court to dismiss a complaint under Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted, it must appear beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle the plaintiff to relief. *Doe v. Archdiocese of Cincinnati*, 109 Ohio St.3d 491, 2006-Ohio-2625, 849 N.E.2d 268, ¶ 11, citing *O'Brien v. Univ. Community Tenants*

*Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975). In resolving a Civ.R. 12(B)(6) motion, a court's factual review is confined to the four corners of the complaint. *Grady v. Lenders Interactive Servs.*, 8th Dist. No. 83966, 2004-Ohio-4239, ¶ 6. Within those confines, a court accepts as true all material allegations of the complaint and makes all reasonable inferences in favor of the nonmoving party. *Fahnbulleh v. Strahan*, 73 Ohio St.3d 666, 667, 1995-Ohio-295, 653 N.E.2d 1186. "[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145, 573 N.E.2d 1063 (1991).

R.C. 2743.48 — Wrongful Imprisonment

**{¶10}** R.C. 2743.48, the wrongful imprisonment statute, allows an individual who meets the statutory definition of a "wrongfully imprisoned individual" to file a civil action against the state and recover monetary damages, reasonable attorney fees, and other expenses. R.C. 2743.48(A) defines a "wrongfully imprisoned individual" as one who satisfies each of the following five criteria:

> (1) The individual was charged with a violation of a section of the Revised Code by an indictment or information prior to, or on or after, September 24, 1986, and the violation charged was an aggravated felony or felony.

> (2) The individual was found guilty of, but did not plead guilty to, the particular charge or a lesser-included offense by the court or jury involved, and the offense of which the individual was found guilty was an aggravated felony or felony.

> (3) The individual was sentenced to an indefinite or definite term of imprisonment in a state correctional institution for the offense of which the individual was found guilty.

(4) The individual's conviction was vacated or was dismissed, or reversed on appeal, the prosecuting attorney in the case cannot or will not seek any further appeal of right or upon leave of court, and no criminal proceeding is pending, can be brought, or will be brought by any prosecuting attorney, city director of law, village solicitor, or other chief legal officer of a municipal corporation against the individual for any act associated with that conviction.

(5) Subsequent to sentencing and during or subsequent to imprisonment, an error in procedure resulted in the individual's release, or it was determined by a court of common pleas that the offense of which the individual was found guilty, including all lesser-included offenses, either was not committed by the individual or was not committed by any person.

{¶11} R.C. 2743.48(A)(5) was amended effective April 9, 2003, "to allow a person, who could not establish his or her actual innocence, but who could establish that an error in procedure resulted in his or her release to file a complaint against the State of Ohio seeking a declaration that he or she had been wrongfully imprisoned." *Nelson v. State*, 5th Dist. No. 2006 AP 0061, 2007-Ohio-6274, ¶ 30.   Before this amendment, only individuals who could establish their actual innocence could file such a complaint.

{¶12} Both parties agree that the issue in this case is the interpretation of the phrase, "[s]ubsequent to sentencing and during or subsequent to imprisonment, an error in procedure resulted in the individual's release," as stated in R.C. 2743.48(A)(5). Mansaray argues R.C. 2743.48(A)(5) is unambiguous, and as it pertains to his complaint, a plain reading of the statute requires that after sentencing, an error in procedure resulted in the wrongfully imprisoned individual's release.   The State, on the other hand, argues that R.C. 2743.48(A)(5) requires that the error in procedure occur after the individual was sentenced or imprisoned.   The State further argues that the trial court properly interpreted

R.C. 2743.48(A)(5) and dismissed Mansaray's complaint because the trial court's improper denial of Mansaray's motion to suppress occurred prior to his sentencing and imprisonment.

{¶13} When interpreting a statute,

> a court's paramount concern is the legislative intent in enacting the statute. In determining legislative intent, the court first looks to the language in the statute and the purpose to be accomplished. Words used in a statute must be taken in their usual, normal or customary meaning. It is the duty of the court to give effect to the words used and not to insert words not used. Where the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no need to apply rules of statutory interpretation.

*State ex rel. Richard v. Bd. of Trustees of the Police & Firemen's Disability & Pension Fund*, 69 Ohio St.3d 409, 411-412, 1994-Ohio-126, 632 N.E.2d 1292. (Internal citations and quotations omitted.)

{¶14} Furthermore, "[t]he presumption always is, that every word in a statute is designed to have some effect, and hence the rule that, 'in putting a construction upon any statute, every part shall be regarded, and it shall be so expounded, if practicable, as to give some effect to *every part of it*.'" *Turley v. Turley*, 11 Ohio St. 173 (1860), citing *Commonwealth v. Alger*, 61 Mass. 53, 7 Cush. 53 (Mass. 1851). (Emphasis in original.) *See also* R.C. 1.47(B), which provides that: "[i]n enacting a statute, it is presumed that * * * [t]he entire statute is intended to be effective" and R.C. 1.42, which provides that: "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage. Words and phrases that have acquired a technical or

particular meaning, whether by legislative definition or otherwise, shall be construed accordingly."

{¶15} We find that the State's interpretation of R.C. 2743.48(A)(5) would render the section absurd. To say that an individual is wrongfully imprisoned only when the error in procedure occurred after the individual was sentenced or imprisoned would be illogical. The State references only one error in procedure that can occur after sentencing and results in release — the discovery of exculpatory DNA evidence. We decline to find that this is solely what the legislature intended when it amended R.C. 2743.48(A)(5).

{¶16} R.C. 2743.48 is a remedial statute that must be construed liberally. *See Dunbar v. State*, 8th Dist. No. 97364, 2012-Ohio-707, ¶ 16. A plain reading of the relevant portion in R.C. 2743.48(A)(5) requires that: (1) after the individual's sentence and during or after imprisonment, (2) the individual was released because of an error in procedure. That is, the error in procedure, which resulted in the individual's release, occurred prior to sentencing and imprisonment. This reading avoids unreasonable and absurd results. *See State ex rel. Asti v. Ohio Dept. of Youth Servs.*, 107 Ohio St.3d 262, 2005-Ohio-6432, 838 N.E.2d 658, ¶ 28 (where the Ohio Supreme Court stated that: "[w]e must construe the applicable statute and rule to avoid such unreasonable or absurd results.")

{¶17} Based on this reading, we find that the trial court's denial of Mansaray's motion to suppress, which was subsequently found to be improper, constitutes an error in

procedure under R.C. 2743.48(A)(5).[1]   Here, Mansaray's motion to suppress was denied on October 2, 2007 and the trial court sentenced him on October 10, 2007.   This court found that the U.S. Marshal illegally seized evidence from Mansaray and that evidence should have been suppressed.   *Mansaray* at ¶ 26.   Subsequently, we reversed the trial court's order denying Mansaray's motion to suppress.   Because the improper denial of Mansaray's motion to suppress — the error in procedure — occurred prior to sentencing, Mansaray satisfied the requirements in R.C. 2743.48(A)(5).

{¶18} In an analogous situation, the Tenth District Court of Appeals in *Larkins v. State*, 10th Dist. No. 09AP-140, 2009-Ohio-3242, addressed the issue of when the error in procedure must occur.   In *Larkins*, the appellant, Larkins, was convicted of aggravated murder, attempted murder, and aggravated murder.   Larkins eventually obtained exculpatory documents and sought a new trial.   After a hearing on the motion, the Cuyahoga County Common Pleas Court concluded that the documents should have been turned over to Larkins pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).   The State appealed, and this court affirmed the trial court's grant of a new trial.   *State v. Larkins*, 8th Dist. No. 82325, 2003-Ohio-5928.   Larkins then filed a motion to dismiss the charges against him with the trial court.   The trial court granted the motion to dismiss, and this court affirmed.   *State v. Larkins*, 8th Dist. No. 85877, 2006-Ohio-90.

---

[1]We note that a motion to suppress is a procedural remedy governed by the Ohio Rules of Criminal Procedure.   *E.g.*, Crim.R. 12 and 47.

{¶19} After that, Larkins sought a declaration in the trial court that he was a wrongfully imprisoned individual as defined in R.C. 2743.48. He entered into a joint stipulation with the State that he had been released as the result of an error in procedure. Based on that stipulation, the trial court found that appellant was a wrongfully imprisoned individual. On appeal, the Tenth District Court of Appeals acknowledged that a *Brady* violation, which occurred before sentencing, constitutes an error in procedure under R.C. 2743.48. *Larkins* at ¶ 10.

{¶20} As stated above, R.C. 2743.48 requires that an individual satisfy the criteria in R.C. 2743.48(A)(1)-(5) to be considered "wrongfully imprisoned." In the instant case, we agree with both parties and the trial court that the requirements in R.C. 2743.48(A)(1)-(4) are satisfied by Mansaray. Based on the facts stated in Mansaray's complaint, we also find that Mansaray satisfied the requirements of R.C. 2743.48(A)(5). Therefore, Mansaray sufficiently pled a wrongful imprisonment claim in order to survive a motion to dismiss for failure to state a claim. As a result, the trial court erred when it granted the State's motion to dismiss.

{¶21} Accordingly, the sole assignment of error is sustained.

{¶22} Judgment is reversed, and the matter is remanded for proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

JAMES J. SWEENEY, P.J., and
LARRY A. JONES, SR., J., CONCUR