[Cite as *D'Ambrosio v. State*, 2013-Ohio-4472.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 99520

---

## JOE D'AMBROSIO

PLAINTIFF-APPELLEE

vs.

## STATE OF OHIO

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-775307

**BEFORE:** Kilbane, J., Jones, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** October 10, 2013

**ATTORNEYS FOR APPELLANT**

Timothy J. McGinty
Cuyahoga County Prosecutor
Charles E. Hannan
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Terry H. Gilbert
Gordon S. Friedman
Friedman & Gilbert
55 Public Square
Suite 1055
Cleveland, Ohio 44113

Jeffry F. Kelleher
1540 Leader Building
526 Superior Avenue
Cleveland, Ohio 44114

David E. Mills
1300 West Ninth Street
Suite 636
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1}   Defendant-appellant, the state of Ohio, appeals from the judgment of the trial court that awarded summary judgment to plaintiff, Joe D'Ambrosio, and that denied the state's cross-motion for summary judgment on the issue of whether an "error in procedure" within the meaning of R.C. 2743.48(A)(5) resulted in D'Ambrosio's release from prison.   For the reasons set forth below, the judgment of the trial court is affirmed.

{¶2}   In 1988, D'Ambrosio was indicted on two counts of aggravated murder with death penalty specifications, kidnapping, and aggravated burglary, in connection with the death of Anthony Klann ("Klann").   The matter was tried to a three-judge panel.   D'Ambrosio was sentenced to death and a consecutive 10 to 25-year term of imprisonment was imposed on the other charges.

{¶3}   In March 2001, following various unsuccessful state and federal challenges to his conviction, D'Ambrosio filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of Ohio.   The petition included a claim that the prosecution had failed to disclose exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).   The items identified by D'Ambrosio that were withheld included evidence that one of the state's witnesses was not prosecuted for an alleged rape and had asked for police assistance in resolving a pending DUI charge, that this witness knew information about the case that was not made public, and that the state withheld evidence disputing the location and time of the murder.   *D'Ambrosio v. Bagley*, N.D.Ohio No. 1:00-CV-02521, 2006 U.S. Dist. LEXIS 12794

(Mar. 24, 2006). On March 24, 2006, the district court granted D'Ambrosio's petition for a writ of habeas corpus. The court held that most of the evidence that D'Ambrosio had introduced to support his *Brady* claim was withheld by the prosecution and that D'Ambrosio's due process rights were violated. The district court granted the petition and ordered the state to set aside D'Ambrosio's conviction and sentence or conduct another trial within 180 days. *Id.* That decision was stayed pending appeal and was affirmed by the Sixth Circuit Court of Appeals. *D'Ambrosio v. Bagley*, 527 F.3d 489 (6th Cir.2008). On September 11, 2008, in compliance with the Sixth Circuit's mandate, the district court ordered:

> The [State] shall either: (1) set aside D'Ambrosio's convictions and sentences as to all counts of the indictment, including the sentence of death; or (2) conduct another trial. This shall be done within 180 days from the effective date of this Order.

**{¶4}** In late February 2009, the state produced additional, previously undisclosed, evidence. *D'Ambrosio v. Bagley*, 619 F.Supp.2d 428 (N.D.Ohio 2009). In response, the trial judge in the state criminal proceedings declined to permit the trial to proceed until D'Ambrosio had time to examine the new evidence. The state sought additional time within which to try D'Ambrosio but, by April 27, 2009, the district court determined that the state "did not respond to multiple discovery requests, produced material * * * discovery on the eve of trial, and then sought to interfere with the orderly progress of the trial through gamesmanship," and denied the state's request for additional time. The district court did not bar reprosecution of D'Ambrosio and graciously stayed its ruling for 15 days, allowing the state an opportunity to determine whether it wished to retry

D'Ambrosio. *Id.* The state took no action during this 15-day period.

**{¶5}** To compound the due process violations, after learning that its key witness Edward Espinoza ("Espinoza") died on April 30, 2009, the state did not inform either D'Ambrosio or the trial court of this news until late July, and never informed the district court of this fact.

**{¶6}** On March 3, 2010, the district court barred the reprosecution of D'Ambrosio. *D'Ambrosio v. Bagley*, 688 F. Supp.2d 709 (N.D.Ohio 2010). On March 5, 2010, the trial court dismissed all charges against D'Ambrosio and ordered him released without any conditions. On August 29, 2011, the Sixth Circuit "affirmed * * * [the] unconditional writ barring D'Ambrosio's reprosecution." *D'Ambrosio v. Bagley*, 656 F.3d 379 (6th Cir.2011). On January 23, 2012, the Supreme Court denied the state's petition for a writ of certiorari. *Bobby v. D'Ambrosio*, ___ U.S. ____, 132 S.Ct. 1150, 181 L.Ed.2d 1031 (2012).

**{¶7}** On February 7, 2012, D'Ambrosio filed the instant action, seeking to be declared a wrongfully imprisoned individual under R.C. 2743.48. On June 7, 2012, D'Ambrosio moved for summary judgment. He asserted that he meets the five requirements of this statute, including the requirement disputed by the parties as to whether following his sentencing an "error in procedure" resulted in his release under R.C. 2743.48(A)(5). D'Ambrosio argued that in light of the *Brady* violations and the district court's explicit instructions to the state barring reprosecution, there was an "error in procedure" within this portion of the statute.

**{¶8}** The state filed a brief in opposition and cross-motion for partial summary judgment, in which it argued that D'Ambrosio did not meet the requirements of R.C. 2743.48(A)(5) because the *Brady* violations are not an "error in procedure" occurring subsequent to his sentencing. The state additionally argued that the district court released D'Ambrosio due to a discovery sanction and not due to an error in procedure.

**{¶9}** On January 15, 2013, the trial court granted D'Ambrosio's motion for summary judgment and denied the state's cross-motion for partial summary judgment. In a detailed and thoughtful opinion, the trial court reasoned that D'Ambrosio established the requirements of R.C. 2743.48(A)(5). The trial court reasoned that the *Brady* violations from D'Ambrosio's 1989 trial, as well as continuing due process violations occurring in connection with the retrial order, constituted "an error in procedure" that resulted in his release.

**{¶10}** The state now appeals and assigns three interrelated errors for our review:

Assignment of Error One

The trial court erred in declaring that D'Ambrosio was a "wrongfully imprisoned individual" because no error in procedure occurred subsequent to sentencing or during or subsequent to imprisonment.

Assignment of Error Two

The trial court erred in declaring that D'Ambrosio was a "wrongfully imprisoned individual" because his release from custody did not result from any alleged error in procedure.

Assignment of Error Three

The trial court erred in declaring that D'Ambrosio was a "wrongfully imprisoned individual" when D'Ambrosio did not present any evidence to show that he was not engaged in any criminal conduct arising out of the incident for which he was prosecuted.

{¶11} In reviewing the trial court's award of summary judgment, we apply a de novo standard of review. *Mohammad v. State*, 8th Dist. Cuyahoga No. 98655, 2012-Ohio-5517, ¶ 11. Summary judgment is appropriate where

the moving party demonstrates that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made.

*Id*.

{¶12} In 1986, the General Assembly enacted R.C. 2305.02 and 2743.48 to authorize civil actions against the state in the Court of Claims for specified monetary amounts by certain wrongfully imprisoned individuals. *Walden v. State*, 47 Ohio St.3d 47, 49, 547 N.E.2d 962 (1989). Under the statutory scheme, a claimant first files an action in the common pleas court seeking a preliminary factual determination that he meets all of the requirements of R.C. 2743.48(A)(1)-(5). If successful, the claimant then must file an action in the Court of Claims to recover money damages. *Griffith v. Cleveland*, 128 Ohio St.3d 35, 2010-Ohio-4905, 941 N.E.2d 1157, paragraph two of the

syllabus.   R.C. 2305.02 and 2743.48.

**{¶13}** R.C. 2743.48(A) sets forth the following five criteria:

(1) The individual was charged with a violation of a section of the Revised Code by an indictment or information prior to, or on or after, September 24, 1986, and the violation charged was an aggravated felony or felony.

(2) The individual was found guilty of, but did not plead guilty to, the particular charge or a lesser-included offense by the court or jury involved, and the offense of which the individual was found guilty was an aggravated felony or felony.

(3) The individual was sentenced to an indefinite or definite term of imprisonment in a state correctional institution for the offense of which the individual was found guilty.

(4) The individual's conviction was vacated or was dismissed, or reversed on appeal, the prosecuting attorney in the case cannot or will not seek any further appeal of right or upon leave of court, and no criminal proceeding is pending, can be brought, or will be brought by any prosecuting attorney, city director of law, village solicitor, or other chief legal officer of a municipal corporation against the individual for any act associated with that conviction.

(5) Subsequent to sentencing and during or subsequent to imprisonment, an error in procedure resulted in the individual's release, or it was determined by a court of common pleas that the offense of which the individual was found guilty, including all lesser-included offenses, either was not committed by the individual or was not committed by any person.

**{¶14}** With regard to the state's contention that the trial court erred in awarding summary judgment to D'Ambrosio because he did not present any evidence to show that "he was not engaged in any criminal conduct arising out of the incident for which he was prosecuted," we note that R.C. 2743.48(A)(5) was amended effective April 9, 2003, "to allow a person who could not establish his or her actual innocence, but who could establish that an error in procedure resulted in his or her release, to file a complaint

against the state of Ohio seeking a declaration that he or she had been wrongfully imprisoned." *Nelson v. State*, 5th Dist. Tuscarawas No. 2006 AP 0061, 2007-Ohio-6274, ¶ 30. Before this amendment, only individuals who could establish their actual innocence could file such a complaint.

{¶15} In *Hill v. State*, 10th Dist. Franklin No. 12AP-635, 2013-Ohio-1968, the court observed that as a result of the amendment to R.C. 2743.48(A)(5), the General Assembly provided an alternative to the proof of "actual innocence" requirement, where the individual could establish that "an error in procedure resulted in the individual's release." *Id.*, citing *Nelson v. State*, 5th Dist. Tuscarawas No. 2006 AP 0061, 2007-Ohio-6274, ¶ 30 (R.C. 2743.48(A)(5) met where the individual's conviction had been reversed on speedy trial grounds).

{¶16} In accordance with the foregoing, and in light of the amendment to R.C. 2743.48(A)(5), D'Ambrosio was not required to prove "actual innocence." Under the amended statutory scheme, D'Ambrosio could meet the requirements of R.C. 2743.48(A)(5) by establishing that "an error in procedure resulted in the individual's release." Therefore, the trial court properly rejected the state's argument that D'Ambrosio was required to present evidence to show that he was not engaged in any criminal conduct arising out of the incident for which he was prosecuted. The third assignment of error is without merit.

{¶17} With regard to the state's additional contentions that the trial court erred in concluding that D'Ambrosio met the requirements of R.C. 2743.48(A) because no error

of procedure occurred subsequent to sentencing or during or subsequent to imprisonment, resulting in his release, we note that the trial court provided two grounds in support of its ruling. The trial court concluded that D'Ambrosio met the requirements of R.C. 2743.48(A)(5) because of the *Brady* violations that occurred during his trial, and also because of the state's conduct after it was ordered to release or retry D'Ambrosio pursuant to the 180-day order.

{¶18} With regard to the *Brady* violations, the court in *Hill,*10th Dist. Franklin No. 12AP-635, 2013-Ohio-1968, held that Hill met the criteria of a wrongfully imprisoned individual under R.C. 2743.48(A)(5) where his conviction was reversed as the result of an illegal search and seizure. In light of that reversal, the prosecuting attorney asserted that the state could not successfully reprosecute Hill. In determining that Hill met the criteria of a wrongfully imprisoned individual under R.C. 2743.48(A)(5), the Tenth Appellate District held that a procedural error effectively precluded a future prosecution and stated that there was "a direct causal relationship between the procedural error of the police in obtaining critical evidence against Hill and the ultimate dismissal of the charges against him." *Id*. at ¶ 44. The court stated:

> [W]e believe that the "subsequent to sentencing" phrase modifies the timing of the convict's release, i.e., it mandates that the individual be released from prison subsequent to sentencing, based on an error of procedure that occurred before sentencing.

*Id*. at ¶ 45, fn. 4.

{¶19} Similarly, in *Mansaray v. State*, 8th Dist. Cuyahoga No. 98171, 2012-Ohio-3376, *discretionary appeal allowed, Mansaray v. State*, 134 Ohio St.3d 1417,

2013-Ohio-158, 981 N.E.2d 884, the defendant had been convicted of drug offenses based on evidence obtained by police in violation of the Fourth Amendment. On appeal, the denial of the motion to suppress was subsequently reversed. In concluding that Mansaray sufficiently set forth a wrongful imprisonment claim, this court noted that "the improper denial of Mansaray's motion to suppress — the error in procedure — occurred prior to sentencing. Therefore, Mansaray satisfied the requirements in R.C. 2743.48(A)(5)."

{¶20} In addition, in *Larkins v. State*, 10th Dist. Franklin No. 09AP-140, 2009-Ohio-3242, ¶ 10, the Court of Claims held that a prosecutor's failure to disclose exculpatory evidence to the defendant constituted an error in procedure for purposes of R.C. 2743.48(A)(5) and addressed the issue of when the error in procedure must occur. In that matter, Larkins was convicted of aggravated murder, attempted murder, and aggravated robbery. He later obtained exculpatory documents that the Cuyahoga County Common Pleas Court concluded should have been turned over to Larkins prior to trial under *Brady*. The trial court eventually granted Larkins's motion to dismiss the charges, and this court affirmed. *State v. Larkins*, 8th Dist. Cuyahoga No. 85877, 2006-Ohio-90. Following those proceedings, Larkins sought a declaration in the trial court that he was a wrongfully imprisoned individual as defined in R.C. 2743.48. He later entered into a joint stipulation with the state that he had been released as the result of an error in procedure, and the trial court found that appellant was a wrongfully imprisoned individual. On appeal, the Tenth District Court of Appeals acknowledged that a *Brady*

violation that occurred before sentencing constitutes an error in procedure under R.C. 2743.48(A)(5) because the error resulted in Larkins's release.

{¶21} In this matter, the trial court also held that the *Brady* violation, which occurred before sentencing, constituted an error in procedure under R.C. 2743.48(A)(5). The trial court stated:

> The district court found in 2006 that the state committed a *Brady* violation by withholding exculpatory evidence from D'Ambrosio at his trial in 1989. * * * While the *Brady* violation occurred prior to conviction, it was not discovered until sentencing and imprisonment had occurred, and this error in criminal procedure resulted in D'Ambrosio's release.

{¶22} We likewise conclude that there are no genuine issues of material fact in this matter and that D'Ambrosio established the requirements of R.C. 2743.48 as a matter of law. In the extensive habeas corpus proceedings conducted from 2001 to 2006, the federal courts ruled that the state failed to disclose exculpatory evidence in violation of D'Ambrosio's due process rights. This *Brady* violation, which occurred before sentencing, can no longer be cured. For that reason, the trial court properly concluded that there has been an error in procedure that resulted in D'Ambrosio's release, as required under R.C. 2743.48(A)(5).

{¶23} With regard to the additional ground that the trial court relied upon in support of its conclusion that the requirements of R.C. 2743.48(A)(5) were met herein, it is undisputed that the state is now barred from reprosecuting D'Ambrosio because of its actions following the 2006 retrial order.

{¶24} The district court observed that pursuant to *Satterlee v. Wolfenbarger*, 453

F.3d 362, 370 (6th Cir.2006), it is vested with broad discretion to fashion a proper remedy in habeas corpus that allows a district court to bar the state from reprosecuting where there are "extraordinary circumstances." The district court concluded that such "extraordinary circumstances" were present as "the state inexcusably, repeatedly, or otherwise abusively fails to act within the prescribed time period or if the state's delay is likely to prejudice the petitioner's ability to mount a defense at trial[.]" In support of this conclusion, the district court listed the state's failure to retry D'Ambrosio within 180 days, its attack on the state court judge before whom the retrial was pending, and its delay in notifying the defense of the death of a key witness, and in producing yet more potentially exculpatory evidence.

{¶25} The district court explained:

For 20 years, the State held D'Ambrosio on death row, despite wrongfully withholding evidence that "would have substantially increased a reasonable juror's doubt of D'Ambrosio's guilt." *D'Ambrosio*, 527 F.3d [489] at 499. Despite being ordered to do so by this Court during the extensive habeas proceedings before it, the State still failed to turn over all relevant and material evidence relating to the crime of which D'Ambrosio was convicted. *D'Ambrosio * * *,* 619 F.Supp.2d [428] at 451-53. Then, once it was ordered to provide D'Ambrosio a constitutional trial or release him within 180 days, the State did neither. *See Id.* at 451-55. During those 180 days, the State engaged in substantial inequitable conduct, wrongfully

retaining and delaying the production of yet more potentially exculpatory evidence. *See Id.* And, as the 180-day deadline approached, certain of the State's counsel baselessly attacked the state trial judge, came before this Court and supplied testimony that, charitably, only can be described as "strain[ing] credulity," and showed startling indifference to D'Ambrosio's rights. *Id.* at 451-55. Because the State failed to retry D'Ambrosio within 180 days, moreover, the critical State's witness — the man around whom the entire theory of the State's case revolved — is no longer available for trial, a fact the State knew but withheld from D'Ambrosio, the state court, and this Court. To fail to bar retrial in such extraordinary circumstances surely would fail to serve the interests of justice. Indeed, it would pervert those interests. *D'Ambrosio v. Bagley*, 688 F.Supp.2d 709 (N.D.Ohio 2010).

**{¶26}** The trial court likewise concluded that "the original *Brady* violation and the *continuing* due process violations" that compelled the federal courts to bar the reprosecution of D'Ambrosio are sufficient to meet R.C. 2743.48(A)(5). The trial court stated:

> [E]rrors in procedure continued to be committed by the state after D'Ambrosio was sentenced and imprisoned. * * * This may be the only instance to date in which the state cannot genuinely contest that an error in procedure occurring subsequent to sentencing and during or subsequent to imprisonment (i.e., due process violation while awaiting retrial) has actually resulted in an individual's release. Summary judgment thus is appropriate in favor of D'Ambrosio upon this additional basis.

**{¶27}** We also conclude, based upon our review of the undisputed facts and the federal court proceedings, that subsequent to D'Ambrosio's sentencing and imprisonment, the state committed errors in procedure and, because of those errors, D'Ambrosio was released and cannot be reprosecuted. The record clearly shows, and it is undisputed, that on March 24, 2006, the district court granted D'Ambrosio's petition for a writ of habeas corpus and ordered the state to set aside D'Ambrosio's conviction and sentence or conduct another trial within 180 days. This order was stayed pending appeal and was then affirmed. On September 11, 2008, the district court, in compliance with the Sixth Circuit's mandate, ordered the state to either set aside D'Ambrosio's convictions and sentences as to all counts of the indictment, including the sentence of death, or to conduct another trial within 180 days from that date. By February 2009, however, the state produced additional, previously undisclosed, evidence. The state sought additional time within which to try D'Ambrosio, and on April 27, 2009, the district court granted the state an additional 15 days to retry D'Ambrosio. The State took no action during this 15-day period. The state also failed to timely inform the court or defense counsel of Espinoza's April 30, 2009 death, and on March 3, 2010, the district court barred the reprosecution of D'Ambrosio. Therefore, D'Ambrosio has established the requirements of R.C. 2743.48(A)(5) as a matter of law.

**{¶28}** For all of the foregoing reasons, the trial court properly concluded that there are no genuine issues of material fact, and that D'Ambrosio is entitled to judgment as a matter of law. The record clearly establishes that there was an error in procedure from

both the *Brady* violations at trial and the state's repeated due process violations during the extended 180-day period for retrial that resulted in the district court's March 3, 2010 bar to reprosecution.

**{¶29}** The state's first, second, and third assignments of error are without merit.

**{¶30}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

LARRY A. JONES, SR., P.J., and
EILEEN T. GALLAGHER, J., CONCUR