GRIFFITH, APPELLEE, *v*. CITY OF CLEVELAND ET AL.;

THE STATE OF OHIO, APPELLANT.

[Cite as *Griffith v. Cleveland*, 128 Ohio St.3d 35, 2010-Ohio-4905.]

*Wrongful imprisonment — R.C. 2743.48 — Courts of common pleas have exclusive jurisdiction to determine whether wrongful-imprisonment claimant has satisfied five requirements of R.C. 2743.48(A) — Wrongful-imprisonment claims involve two-step process — Claimant must first bring action in common pleas court to establish status as "wrongfully imprisoned individual" — Claimant must then file action in Court of Claims to recover damages.*

(No. 2009-1363 — Submitted April 20, 2010 — Decided October 12, 2010.)

APPEAL from the Court of Appeals for Franklin County, No. 08AP-964, 2009-Ohio-2854.

_____

SYLLABUS OF THE COURT

1. Only courts of common pleas have jurisdiction to determine whether a person has satisfied the five requirements of R.C. 2743.48(A).

2. All wrongful-imprisonment claimants must follow a two-step process. In the first step, the claimant must bring an action in the court of common pleas to secure a determination that he or she is a wrongfully imprisoned individual entitled to compensation. In the second step, the claimant must file a civil action against the state, in the Court of Claims, to recover a sum of money. (*Walden v. State* (1989), 47 Ohio St.3d 47, 547 N.E.2d 962, followed.)

_____

PFEIFER, J.

**{¶ 1}** The issue in this case is whether a claim for wrongful imprisonment may originate, in certain circumstances, in the Court of Claims. We hold that all claims for wrongful imprisonment must originate in a court of common pleas.

### Factual and Procedural Background

**{¶ 2}** Appellee Gerry E. Griffith Jr. was charged in federal district court with possession of a firearm in furtherance of drug trafficking. He moved to suppress evidence of the gun, arguing that the consent to the search that yielded the gun was obtained due to an unlawful arrest. The court denied the motion, finding that the police had had probable cause to arrest him. Griffith then pleaded guilty to a charge of possession of a firearm in furtherance of drug trafficking, reserving the right to challenge the denial of the motion to suppress.[1]

**{¶ 3}** The Sixth Circuit Court of Appeals reversed the district court's decision to deny Griffith's motion to suppress, concluding that the consent to search Griffith's home was a direct result of an unlawful arrest. According to Griffith, the charges were dismissed upon remand, and he was released from custody in January 2007.

**{¶ 4}** Griffith subsequently filed a claim for wrongful imprisonment against the state of Ohio[2] in the Court of Claims. That court dismissed the claim, ruling that it did not have jurisdiction to hear the case without an initial declaratory judgment from a court of common pleas stating that Griffith was a wrongfully imprisoned individual. Griffith appealed, and the court of appeals reversed, relying on a 2003 amendment to R.C. 2743.48(A)(5) in concluding that the Court of Claims has original jurisdiction over wrongful imprisonment when

---

1. These facts are not in the record. They are taken from Griffith's complaint and the Sixth Circuit's opinion.

2. Griffith's original complaint named the city of Cleveland and related entities as defendants. He later amended that complaint to name the state of Ohio as the sole defendant.

the claim is premised on "an error in procedure result[ing] in the individual's release."

{¶ 5} We accepted the state's discretionary appeal. *Griffith v. State*, 123 Ohio St.3d 1492, 2009-Ohio-6015, 916 N.E.2d 1073.

## Analysis

### *R.C. 2743.48(A)*

{¶ 6} R.C. 2743.48 provides:

{¶ 7} "(A) As used in this section and section 2743.49 of the Revised Code, a 'wrongfully imprisoned individual' means an individual who satisfies each of the following:

{¶ 8} "(1) The individual was charged with a violation of a section of the Revised Code by an indictment or information prior to, or on or after, September 24, 1986, and the violation charged was an aggravated felony or felony.

{¶ 9} "(2) The individual was found guilty of, but did not plead guilty to, the particular charge or a lesser-included offense by the court or jury involved, and the offense of which the individual was found guilty was an aggravated felony or felony.

{¶ 10} "(3) The individual was sentenced to an indefinite or definite term of imprisonment in a state correctional institution for the offense of which the individual was found guilty.

{¶ 11} "(4) The individual's conviction was vacated or was dismissed, or reversed on appeal, the prosecuting attorney in the case cannot or will not seek any further appeal of right or upon leave of court, and no criminal proceeding is pending, can be brought, or will be brought by any prosecuting attorney, city director of law, village solicitor, or other chief legal officer of a municipal corporation against the individual for any act associated with that conviction.

{¶ 12} "(5) Subsequent to sentencing and during or subsequent to imprisonment, an error in procedure resulted in the individual's release, or it was

determined by a court of common pleas that the offense of which the individual was found guilty, including all lesser-included offenses, either was not committed by the individual or was not committed by any person."

{¶ 13} Under R.C. 2743.48(E)(1), a claimant establishes entitlement to compensation for wrongful imprisonment by filing in the Court of Claims a certified copy of a court of common pleas' entry determining that the claimant was a "wrongfully imprisoned individual" as defined by R.C. 2743.48(A). In this case, the first four requirements in R.C. 2743.48(A)'s definition of "wrongfully imprisoned individual" are not before us. The sole issue is whether R.C. 2743.48(A)(5), as amended, enables Griffith to file directly in the Court of Claims because his claim is premised on "an error in procedure result[ing] in [his] release" or whether his claim must originate in a court of common pleas.

*R.C. 2743.48(A) is ambiguous as to this issue*

{¶ 14} Griffith argues, and we do not deny, that R.C. 2743.48(A), as amended, does not state that a claim premised on a procedural error must originate in a court of common pleas. It is equally clear, however, that the statute does not explicitly state that such a claim can originate in the Court of Claims. We consider the statute ambiguous as to the sole issue before us. Accordingly, we turn to other considerations to determine the intent of the General Assembly, as permitted by R.C. 1.49.

*R.C. 1.49(D): Prior Statutory Provisions and Case Law*

{¶ 15} R.C. 1.49 provides:

{¶ 16} "If a statute is ambiguous, the court, in determining the intention of the legislature, may consider among other matters:

{¶ 17} " * * *

{¶ 18} "(D) The common law or former statutory provisions, including laws upon the same or similar subjects."

4

{¶ 19} When Sub.S.B. No. 149 amended R.C. 2743.48 in 2003, all wrongful-imprisonment claimants had to follow a "two-step process." *Walden v. State* (1989), 47 Ohio St.3d 47, 49, 547 N.E.2d 962. "In the first step, the claimant must bring an action in the court of common pleas to secure a determination that he is a wrongfully imprisoned individual entitled to compensation." Id. The second step is to " 'file a civil action against the state, in the court of claims, to recover a sum of money.' " Id. at 50, quoting R.C. 2743.48(D). See *State ex rel. Jones v. Suster* (1998), 84 Ohio St.3d 70, 72, 701 N.E.2d 1002. Nothing in the amended statute explicitly indicates that the General Assembly intended to change this two-step process.

*R.C. 1.49(C): Legislative History of the Amendment to R.C. 2743.48*

{¶ 20} The various reports on 2002 Sub.S.B. No. 149 as it worked its way toward passage by the General Assembly all contained this description of the existing law: "Once a person is determined to be a wrongfully imprisoned individual by a court of common pleas, that person may file in the Court of Claims a civil action against the state to recover damages because of the wrongful imprisonment." See Legislative Service Commission Bill Analyses, 124th General Assembly, S.B. 149: As Introduced; As Reported by S. Judiciary on Civil Justice; As Passed by the Senate; As Reported by H. Civil and Commercial Law; and As Passed by the General Assembly, all linked at *http://www.legislature. state.oh.us/analyses.cfm?ID=124_SB_149&ACT=As%20Enrolled*. This is a clear indication that the General Assembly understood that the statutory scheme contemplated a two-step process.

{¶ 21} The Act Summary of the Final Bill Analysis indicates that the General Assembly intended to effect four substantive changes to the statutory scheme. See http://lsc.state.oh.us/analyses/fnla124.nsf/All%20Bills%20and% 20Resolutions/2558EFFB4897BAAC85256CAA005F47A7. The first three substantive changes are not relevant to this case. They increase the amount that a

wrongfully imprisoned individual is entitled to recover; require the Auditor of State to make certain adjustments; and adds "specified cost debts" recovered from the individual by the Department of Rehabilitation and Correction to the amount of compensation. The fourth substantive change "[e]xpands the criteria that an individual must satisfy to be considered a 'wrongfully imprisoned individual' to include the condition that subsequent to sentencing and during or subsequent to imprisonment, an error in procedure resulted in the individual's release as an alternative to the condition that subsequent to sentencing and during or subsequent to imprisonment it was determined by a court of common pleas that the offense of which the individual was found guilty was not committed by the individual or by any other person." Even though the act expanded the criteria by which a claimant could establish that he or she is a wrongfully imprisoned individual, nothing in the act indicates a change to the established two-step process.

*R.C. 1.49(D): Laws upon the same subject*

{¶ 22} R.C. 1.49(D) permits a court, faced with determining the legislative intent behind an ambiguous statute, to consider "[t]he common law or former statutory provisions, including laws upon the same or similar subjects."

{¶ 23} As noted, R.C. 2743.48(A) sets forth five requirements for a determination that a person is a wrongfully imprisoned individual. R.C. 2743.48(B)(1) states that "[w]hen a *court of common pleas* determines * * * that a person is a wrongfully imprisoned individual, the court shall * * * inform the person and the person's attorney of the person' s rights under this section to commence a civil action against the state in the court of claims * * *." (Emphasis added.) Nothing in the statutory scheme states that the Court of Claims has authority to determine that a person is a wrongfully imprisoned individual. Furthermore, this provision clearly contemplates the same two-step process that was explicit in the prior, now slightly expanded, statutory scheme.

6

**{¶ 24}** R.C. 2743.48(H) states that to be eligible to recover compensation for wrongful imprisonment, a claimant "shall commence a civil action under this section in the court of claims no later than two years after the date of the entry of the determination of a court of common pleas that the individual is a wrongfully imprisoned individual." This provision also clearly authorizes a court of common pleas to determine that a person is a wrongfully imprisoned individual and just as clearly does not authorize the Court of Claims to make that determination.

*R.C. 1.49(E): Consequences of a Particular Construction*

**{¶ 25}** Under R.C. 1.49(E), the intent of the legislature in enacting an ambiguous statute may be determined by considering "[t]he consequences of a particular construction."

**{¶ 26}** If a wrongful-imprisonment case based on procedural error could originate in the Court of Claims, that court would have to rule on the criteria of R.C. 2743.48(A)(1) through (4). These criteria are replete with criminal-law considerations. The Court of Claims is statutorily designed to adjudicate civil claims and does not ordinarily address criminal issues.

**{¶ 27}** Further, if actions brought under R.C. 2743.48 could originate in the Court of Claims, attorneys and witnesses from the county of origin would all be required to travel to the Court of Claims in Franklin County. Nothing in the statutory scheme contemplates this waste of time and money.

*R.C. 2305.02*

**{¶ 28}** Finally, R.C. 2305.02 states that courts of common pleas have "exclusive, original jurisdiction to hear and determine an action or proceeding that is commenced by an individual who satisfies divisions (A)(1) to (4) of section 2743.48 of the Revised Code and that seeks a determination by the court that the offense of which he was found guilty, including all lesser-included offenses, either was not committed by him or was not committed by any person."

{¶ 29} R.C. 2305.02 thus confers exclusive, original jurisdiction on courts of common pleas over actions in which a wrongful-imprisonment claimant seeks a determination that he or she did not commit the offense, i.e., the second of the two alternative requirements for compensation set forth in R.C. 2743.48(A)(5). But R.C. 2305.02 says nothing to indicate which court has jurisdiction to hear and determine actions pursuant to the "error in procedure" alternative in R.C. 2743.48(A)(5). Because R.C. 2305.02 is silent as to which courts have jurisdiction over such claims, it cannot be argued that the Court of Claims has been granted jurisdiction.

**Conclusion**

{¶ 30} Based on the foregoing, we are convinced that the holding in *Walden v. State,* 47 Ohio St.3d 47, 547 N.E.2d 962, still applies: All wrongful-imprisonment claimants must follow a two-step process. In the first step, the claimant must bring an action in the court of common pleas to secure a determination that he or she is a wrongfully imprisoned individual entitled to compensation. In the second step, the claimant must file a civil action against the state, in the Court of Claims, to recover a sum of money. Id. at 49-50. We are further persuaded that the General Assembly intended that only courts of common pleas have jurisdiction to determine whether a person has satisfied the five requirements of R.C. 2743.48(A). Accordingly, only courts of common pleas can determine whether a person is a wrongfully imprisoned individual.

{¶ 31} We reverse the judgment of the court of appeals.

Judgment reversed.

LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

BROWN, C.J., not participating.

_____

Slicer Law Office, Charles W. Slicer III, and Kathryn L. Bowling, for appellee.

Richard Cordray, Attorney General, Benjamin C. Mizer, Solicitor General, Alexandra T. Schimmer, Chief Deputy Solicitor General, Brandon J. Lester, Deputy Solicitor, Christopher P. Conomy, Assistant Solicitor, and Peter E. DeMarco, Assistant Attorney General, for appellant.

_____