[Cite as *Jenkins v. State*, 2013-Ohio-5536.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Kendle Jenkins, Sr.,                         :

      Plaintiff-Appellee,                  :            No. 12AP-726
                                   (C.P.C. No. 11CVC-07-8223)

v.                                           :

                                        (REGULAR CALENDAR)

The State of Ohio,                           :

      Defendant-Appellant.                 :

---

D E C I S I O N

Rendered on December 17, 2013

---

*Spangenberg, Shibley & Liber LLP, Nicholas A. Dicello*, and *William B. Eadie*, for appellee.

*Michael DeWine*, Attorney General, and *Debra Gorrell Wehrle*, for appellant.

---

APPEAL from the Franklin County Court of Common Pleas.

BROWN, J.

{¶ 1} This is an appeal by defendant-appellant, the State of Ohio, from an entry of the Franklin County Court of Common Pleas granting summary judgment in favor of plaintiff-appellee, Kendle Jenkins, Sr., on his claim for wrongful imprisonment pursuant to R.C. 2743.48.

{¶ 2} The following facts, taken primarily from the trial court's decision on summary judgment, are not in dispute. In July 1994, federal agents obtained a package containing cocaine, intended to be delivered to appellee in Massillon, Ohio. That same year, after cooperating with federal agents in a related drug bust, appellee and his wife moved from Ohio to Texas. On March 30, 1995, a Stark County Grand Jury secretly

indicted appellee on one count of aggravated trafficking, in violation of R.C. 2925.03(A)(9).[1]

{¶ 3}   On December 11, 2008, appellee was arrested and brought to trial on the trafficking charge.  Appellee filed a motion to dismiss, asserting that proceeding with the case approximately 13 years after the grand jury indictment violated his right to a speedy trial.  The trial court denied the motion, finding that the delay was caused solely by appellee's own actions in leaving Ohio to live in Texas.  A jury subsequently returned a verdict finding appellee not guilty of aggravated trafficking but guilty of the lesser charge of attempted aggravated trafficking, and the trial court imposed a sentence of six to 15 years incarceration.

{¶ 4}   Appellee appealed his conviction to the Fifth District Court of Appeals.  In *State v. Jenkins,* 5th Dist. No. 2009-CA-00150, 2010-Ohio-2719, ¶ 66, the court reversed the judgment of the trial court, finding that the record failed to contain sufficient evidence to "establish that [appellee] 'purposely' avoided prosecution in order to trigger the tolling provisions in R.C. 2901.13(G)."  The appellate court thus concluded that the 14-year delay between the indictment and trial violated appellee's right to a speedy trial, and that the trial court erred in failing to grant his motion to dismiss.

{¶ 5}   On July 5, 2011, appellee filed the instant action against the state for wrongful imprisonment under R.C. 2743.48.  On April 10, 2012, appellee filed a motion for summary judgment.  The state opposed the motion and filed its own motion for summary judgment.  On August 6, 2012, the trial court filed a decision granting appellee's motion for summary judgment and denying the state's motion.  In its decision, the court found that appellee had satisfied the five requirements set forth under R.C. 2743.48(A).

{¶ 6}   On appeal, the state sets forth the following two assignments of error for this court's review:

APPELLANT'S FIRST ASSIGNMENT OF ERROR

The trial court committed reversible error by declaring Plaintiff/Appellee a Wrongfully Imprisoned individual even though he failed to satisfy the statutory criteria.

---

[1] A detailed recitation of the facts giving rise to the indictment can be found in *State v. Jenkins,* 5th Dist. No. 2009-CA-00150, 2010-Ohio-2719.

APPELLANT'S SECOND ASSIGNMENT OF ERROR

> The trial court committed reversible error by declaring the 2003 "Procedural Error" Amendment to the Wrongful Imprisonment Statute of R.C. § 2743.48 no longer requires Courts of Common Pleas to separate those individuals who are innocent from those who merely avoided criminal liability.

{¶ 7} The state's two assignments of error are interrelated and will be considered together. Under the first assignment of error, the state argues that the trial court erred in finding appellee satisfied all of the statutory requirements of R.C. 2743.48(A). Under the second assignment of error, the state challenges the trial court's interpretation of the "procedural error" language of R.C. 2743.48(A)(5).

{¶ 8} Pursuant to Civ.R. 56(C), summary judgment shall be granted if the filings in the action, including the pleadings and affidavits, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." This court's review of a trial court's decision granting summary judgment is de novo. *Bonacorsi v. Wheeling & Lake Erie Ry. Co.,* 95 Ohio St.3d 314, 2002-Ohio-2220, ¶ 24.

{¶ 9} In 1986, the Ohio General Assembly "enacted R.C. 2305.02 and 2743.48 to authorize civil actions against the state in the Court of Claims for specified monetary amounts by certain wrongfully imprisoned individuals." *D'Ambrosio v. State,* 8th Dist. No. 99520, 2013-Ohio-4472, ¶ 12, citing *Walden v. State,* 47 Ohio St.3d 47, 49 (1989). Under this statutory framework, "a claimant first files an action in the common pleas court seeking a preliminary factual determination that he meets all of the requirements of R.C. 2743.48(A)(1)-(5)." If successful, the claimant must then "file an action in the Court of Claims to recover money damages." *Id.,* citing *Griffith v. Cleveland,* 128 Ohio St.3d 35, 2010-Ohio-4905, paragraph two of the syllabus.

{¶ 10} R.C. 2743.48(A) states as follows:

> As used in this section and section 2743.49 of the Revised Code, a "wrongfully imprisoned individual" means an individual who satisfies each of the following:

(1) The individual was charged with a violation of a section of the Revised Code by an indictment or information, and the violation charged was an aggravated felony or felony.

(2) The individual was found guilty of, but did not plead guilty to, the particular charge or a lesser-included offense by the court or jury involved, and the offense of which the individual was found guilty was an aggravated felony or felony.

(3) The individual was sentenced to an indefinite or definite term of imprisonment in a state correctional institution for the offense of which the individual was found guilty.

(4) The individual's conviction was vacated, dismissed, or reversed on appeal, the prosecuting attorney in the case cannot or will not seek any further appeal of right or upon leave of court, and no criminal proceeding is pending, can be brought, or will be brought by any prosecuting attorney, city director of law, village solicitor, or other chief legal officer of a municipal corporation against the individual for any act associated with that conviction.

(5) Subsequent to sentencing and during or subsequent to imprisonment, an error in procedure resulted in the individual's release, or it was determined by the court of common pleas in the county where the underlying criminal action was initiated that the charged offense, including all lesser-included offenses, either was not committed by the individual or was not committed by any person.

{¶ 11} In determining that appellee satisfied the first three statutory prongs (R.C. 2743.48(A)(1) through (3)), the trial court noted that appellee was charged with a felony, i.e., aggravated trafficking, and had been "found guilty of attempted aggravated trafficking, a lesser-included offense that is also a felony charge." Further, he was sentenced to a term of six to 15 years incarceration for attempted aggravated trafficking.

{¶ 12} With respect to the fourth prong, appellee argued before the trial court in his motion for summary judgment that he satisfied this prong on the basis that: (1) the state elected not to bring an appeal within 30 days after dismissal of his case, (2) the statute of limitations on possible charges stemming from the incident had expired, and no other charges could be brought, and (3) no charge brought by the state could be sustained because it would violate appellee's right to a speedy trial. In response, the state argued

that appellee failed to satisfy the fourth prong because he had engaged in criminal conduct. The trial court rejected the state's argument, finding no support for the state's claim that appellee "is barred from recovering because he actually engaged in criminal conduct." In concluding that appellee satisfied the fourth prong, the court found "[t]here are no other charges that could be brought by [the state] relating to this incident and [the state] has already waived its right to appeal."

{¶ 13} With respect to the fifth prong, appellee argued before the trial court that he satisfied this prong because the Fifth District Court of Appeals had overturned his conviction on the basis that his right to a speedy trial had been violated. Appellee argued that a dismissal and subsequent release based on a violation of the right to a speedy trial constituted an "error in procedure" under the provisions of R.C. 2743.48(A)(5). The state, on the other hand, argued that the error in procedure language of the statute was not meant to allow those who engaged in criminal conduct to seek compensation for wrongful imprisonment, and that appellee had merely avoided criminal liability in the underlying action.

{¶ 14} In considering these arguments, the trial court found merit with appellee's position. In its decision, the court noted that the state's argument "rests on the dispute between legislative intent and actual text. To support its argument, [the state] relies on authority that pre-dates the 2003 amendment to R.C. 2743.48(A)(5), which introduced the procedural error language. * * * The court believes that this has changed with the passage of the 2003 amendment." The court further found, in light of the 2003 amendment, the state's reliance on *Gover v. State,* 67 Ohio St.3d 93 (1993) to be misplaced. Thus, based upon "the clear wording of R.C. 2743.48(A)(5)," the trial court held that appellee satisfied the fifth prong of the wrongful imprisonment statute.

{¶ 15} We initially address the state's argument, raised under its first assignment of error, that the trial court erred in finding that appellee satisfied the requirements of R.C. 2743.48(A)(4). The state argues that appellee is unable to satisfy this prong because he admitted to engaging in criminal conduct. Specifically, the state contends that appellee admitted to accepting illegal drugs via mail at the time of the 1994 drug shipment. On appeal, as before the trial court, the state relies on the Supreme Court of Ohio's 1993 decision in *Gover* to argue that the intent of R.C. 2743.48 is to compensate the innocent

for wrongful imprisonment, and that the statute was not intended to benefit those who have merely avoided criminal liability.

{¶ 16} Subsequent to the time for filing briefs in this case, this court rendered its decision in *Hill v. State,* 10th Dist. No. 12AP-635, 2013-Ohio-1968, in which we addressed this same argument. In *Hill,* this court rejected the state's attempt to "graft the innocence component of subsection (5) of R.C. 2743.48(A) into subsection (4) based on *Gover's* description of the overarching purpose of the wrongful-imprisonment statute as in effect in 1993." *Id.* at ¶ 29. We observed in *Hill* that the General Assembly, in enacting Sub.S.B. No. 149 in 2002, "effected a substantive change to the statutory wrongful-imprisonment compensation scheme," and that the legislature " 'expanded the criteria by which a claimant could establish that he or she is a wrongfully imprisoned individual.' " *Id.*, quoting *Griffith* at ¶ 21. In light of this statutory change, we held that "a released prisoner may establish his status as a wrongfully imprisoned individual without proving his innocence if he can instead establish that he was released as the result of an error in procedure." *Id.* Therefore, in considering whether the criterion of R.C. 2743.48(A)(4) has been established, "we must apply the current text of that provision, rather than decide the case based on observations made in *Gover* concerning the pre-2003 version of the statute." *Id.* at ¶ 30.

{¶ 17} In the instant case, the state's sole argument with respect to whether the requirements of R.C. 2743.48(A)(4) have been met is based upon its claim that appellee engaged in criminal behavior in 1994. The state does not address, however, the specific language of that provision, i.e., whether appellee's conviction "was vacated, dismissed, or reversed on appeal," and whether the prosecuting attorney in the case "cannot or will not seek any further appeal of right or upon leave of court, and no criminal proceeding is pending, can be brought, or will be brought by any prosecuting attorney * * * against the individual for any act associated with that conviction." R.C. 2743.48(A)(4).

{¶ 18} As previously noted, appellee argued before the trial court that he met the criterion of R.C. 2743.48(A)(4) on the grounds that the state elected not to bring an appeal following dismissal of the case, the statute of limitations on possible charges had expired, and any potential charges by the state would violate his right to a speedy trial. The trial court agreed, finding that the state had waived its right to appeal and that no

other charges could be brought by the state. Based upon this court's de novo review, we find no error by the trial court in its determination that appellee satisfied the requirements under R.C. 2743.48(A)(4).[2]

{¶ 19} The state argues, under its second assignment of error, that the trial court erred in its interpretation of R.C. 2743.48(A)(5). Specifically, the state asserts that the court erred in holding that the 2003 statutory amendment, adding the "error in procedure" criteria, no longer requires a trial court to separate those individuals who are innocent from those who merely avoid criminal liability.

{¶ 20} This argument was also addressed and rejected in *Hill,* in which this court held: "[T]he General Assembly in 2002 changed Ohio's statutory framework to establish as Ohio's policy that wrongful-imprisonment compensation is warranted where an individual's release from prison results from the recognition of reversible procedural error that precludes further successful prosecution, *regardless of guilt or innocence.*" (Emphasis added.) *Hill* at ¶ 51. *See also D'Ambrosio* at ¶ 16 (trial court properly rejected state's argument that plaintiff was required to present evidence showing he was not engaged in any criminal conduct arising out of incident for which he was prosecuted; rather, in light of the amendment to the statute, plaintiff "could meet the requirements of R.C. 2743.48(A)(5) by establishing that 'an error in procedure resulted in the individual's release' ").

{¶ 21} Similar to the first assignment of error, the state's argument with respect to whether appellee met the criterion of R.C. 2743.48(A)(5) is limited to its assertion that appellee is not actually innocent, and does not address whether an error in procedure resulted in his release. As noted under the facts, appellee's conviction was reversed based upon a determination by the Fifth District Court of Appeals that his right to a speedy trial had been violated due to the approximately 14-year delay between the indictment and trial. The trial court found that the reversal of appellee's conviction and his subsequent release based upon a violation of the right to a speedy trial satisfied the requirements of R.C. 2743.48(A)(5). We agree with the trial court that appellee satisfied the fifth prong by

---

[2] The state appears to contend, without elaboration, that an "actual innocence" requirement is also applicable to R.C. 2743.48(A)(2). For the reasons set forth in addressing the state's arguments with respect to R.C. 2743.48(A)(4), we find no merit to this contention. We further note that the record supports the trial court's determination that appellee was found guilty of, but did not plead guilty to, a felony.

establishing that an error in procedure resulted in his release. *Hill* at ¶ 16, citing *Nelson v. State,* 5th Dist. No. 2006 AP 0061, 2007-Ohio-6274, ¶ 30 (noting claimant satisfied error in procedure criteria of R.C. 2743.48(A)(5) in case in which his conviction was reversed based upon violation of speedy-trial rights).

{¶ 22} Based upon this court's de novo review, the trial court did not err in granting summary judgment in favor of appellee and denying the state's motion for summary judgment. Accordingly, the state's first and second assignments of error are without merit and are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

KLATT, P.J., and TYACK, J., concur.

_____