[Cite as *James v. State*, 2014-Ohio-140.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| OMAR K. JAMES, aka | : | |
| AHMAD K.   JAMES | : | Appellate Case No. 2013-CA-28 |
| | : | |
| Petitioner-Appellant | : | Trial Court Case No. 09-CV-1251 |
| | : | |
| v. | : | |
| | : | |
| STATE OF OHIO | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Respondent-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 17th day of January, 2014.

. . . . . . . . . . .

DEREK A. FARMER, Atty. Red. #0071654, Farmer Law Offices, 428 Beecher Road, Suite C, Columbus, Ohio 43230
        Attorney for Petitioner-Appellant

MICHAEL DeWINE, by PETER L. JAMISON, Atty. Reg. #0086539, Ohio Attorney General's Office, Criminal Justice Section, 150 East Gay Street, 16th Floor, Columbus, Ohio 43215
and
D. ANDREW WILSON, by ANDREW P. PICKERING, Atty. Reg. #0068770, Clark County Prosecutor's Office, 50 East Columbia Street, 4th Floor, Post Office Box 1608, Springfield, Ohio 45501
        Attorneys for Respondent-Appellee, State of Ohio

. . . . . . . . . . . .

FAIN, J.

{¶ 1}     Plaintiff-appellant Omar K. James appeals from a summary judgment rendered in favor of defendant-appellee the State of Ohio on James's complaint for wrongful imprisonment. James contends that the trial court erred by granting the State's motion for summary judgment and in not finding that he was a "wrongfully imprisoned individual" pursuant to R.C. 2743.48(A).

{¶ 2}     We conclude that the trial court erred in rendering summary judgment in favor of the State; it should have rendered summary judgment in favor of James. Accordingly, the judgment of the trial court is Reversed, and this cause remanded for the trial court to enter judgment for James.

## I. Course of the Proceedings

{¶ 3}     In 1996, James was indicted on one count of Possession of Crack Cocaine in an amount greater than twenty-five grams, a first-degree felony in violation of R.C. 2925.11; one count of Carrying a Concealed Weapon, a fourth-degree felony in violation of R.C. 2923.12; one count of Having Weapons While Under Disability, a fifth-degree felony in violation of R.C. 2923.13; and one count of Possession of Cocaine in an amount exceeding five grams, but less than twenty-five grams, a fourth-degree felony in violation of R.C. 2925.11(C)(4). All of the counts in the indictment related to events that transpired on September 7, 1996.

{¶ 4}     In June 1997, James was tried on the four counts in the indictment. A jury found him guilty of Having Weapons While Under Disability. The jury could not reach a verdict on the remaining three counts of the indictment. James was sentenced to a prison term of twelve months. He did not appeal from his conviction and served his prison term.

{¶ 5} A second trial on the remaining three counts of the indictment commenced in June 1998. On the first day of trial, James told the trial court that he wanted to represent himself. The jury trial proceeded with James representing himself. The jury returned guilty verdicts on the remaining three counts, and the trial court sentenced James to thirteen years in prison. James appealed; we affirmed. *State v. James*, 2d Dist. Clark No. 98-CA-54, 1999 WL 76815 (Feb. 19, 1999). James then sought to appeal to the Supreme Court of Ohio, which declined to hear the appeal. *State v. James*, 86 Ohio St.3d 1414, 711 N.E.2d 1010 (1999).

{¶ 6} James subsequently sought a writ of habeas corpus in the United States District Court for the Southern District of Ohio, challenging his three felony convictions that resulted from the second trial. In June 2005, the United States District Court granted James a conditional writ of habeas corpus. *James v. Brigano*, 201 F.Supp.2d 810 (S.D.Ohio 2002). The State appealed. In November 2006, the United States Court of Appeals for the Sixth Circuit affirmed the district court's decision insofar as it held that James did not knowingly and intelligently waive his right to counsel at trial. *James v. Brigano*, 470 F.3d 636, 644 (6th Cir. 2006). The District Court then ordered the State to retry James on or before October 27, 2008. *James v. Brigano*, S.D. Ohio No. 3:00CV00491, 2008 WL 2949411 (July 30, 2008). The State failed to retry James by this deadline.

{¶ 7} James thereafter moved in the court of common pleas to dismiss the remaining three counts of the indictment, with prejudice. In August 2009, the trial court sustained the motion and dismissed the remaining three counts of the indictment, with prejudice.

{¶ 8} In September 2009, James brought this action in the court of common pleas, alleging that he was a "wrongfully imprisoned individual" pursuant to R.C. 2743.48(A). James and the State both moved for summary judgment. The trial court overruled James's motion and

granted the State's motion, dismissing the action. From this judgment, James appeals.

## II. James Established by a Preponderance of the Evidence that He Was a Wrongfully Imprisoned Individual Pursuant to R.C. 2743.48(A)

{¶ 9} James's sole assignment of error states:

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT RELIEF TO THE STATE AND IN FAILING TO SUSTAIN APPELLANT'S MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF WHETHER APPELLANT IS A WRONGFULLY IMPRISONED INDIVIDUAL UNDER R.C. 2743.48(A)(5).

{¶ 10} When reviewing a summary judgment, an appellate court conducts a de novo review. *Village of Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). "De Novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine whether as a matter of law no genuine issues exist for trial." *Brewer v. Cleveland City Schools Bd. Of Edn.*, 122 Ohio App.3d 378, 383, 701 N.E.2d 1023 (8th Dist.1997), citing *Dupler v. Mansfield Journal Co.*, 64 Ohio St.2d 116, 413 N.E.2d 1187 (1980). Therefore, the trial court's decision is not granted any deference by the reviewing appellate court. *Brown v. Scioto Cty. Bd. Of Commrs.*, 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (4th Dist.1993).

{¶ 11} R.C. 2743.48, the wrongful imprisonment statute, authorizes civil actions against the State, for specified monetary amounts, in the court of claims by wrongfully imprisoned individuals. *Doss v. State*, 135 Ohio St.3d 211, 2012-Ohio-5678, 985 N.E.2d 1229, ¶ 10.

Under the statutory scheme, a claimant must first be determined to be a "wrongfully imprisoned individual" by the court of common pleas before seeking compensation from the State in the court of claims. R.C. 2305.02 and R.C. 2743.48(B)(2); *Doss* at ¶ 10.

{¶ 12} R.C. 2743.48(A) defines a "wrongfully imprisoned individual" as "an individual who satisfies each of the following:

(1) The individual was charged with a violation of a section of the Revised Code by an indictment or information, and the violation charged was an aggravated felony or felony.

(2) The individual was found guilty of, but did not plead guilty to, the particular charge or a lesser-included offense by the court or jury involved, and the offense of which the individual was found guilty was an aggravated felony or felony.

(3) The individual was sentenced to an indefinite or definite term of imprisonment in a state correctional institution for the offense of which the individual was found guilty.

(4) The individual's conviction was vacated, dismissed, or reversed on appeal, the prosecuting attorney in the case cannot or will not seek any further appeal of right or upon leave of court, and no criminal proceeding is pending, can be brought, or will be brought by any prosecuting attorney, city director of law, village solicitor, or other chief legal officer of a municipal corporation against the individual for any act associated with that conviction.

(5) Subsequent to sentencing and during or subsequent to imprisonment,

an error in procedure resulted in the individual's release, or it was determined by the court of common pleas in the county where the underlying criminal action was initiated that the charged offense, including all lesser-included offenses, either was not committed by the individual or was not committed by any person.

{¶ 13}   A claimant must satisfy all five criteria in R.C. 2743.48(A), by a preponderance of the evidence, to be declared a "wrongfully imprisoned individual."  *Gover v. State*, 67 Ohio St.3d 93, 95, 616 N.E.2d 207 (1993).   The trial court failed to identify which of the five criteria James had failed to establish, as a matter of law.   The parties agree that James established the first three criteria pursuant to R.C. 2743.48(A), but disagree over whether James established the last two criteria in R.C. 2743.48(A)(4) and (5).   Based on our review of the record, we agree with the parties that James established the criteria in R.C. 2743.48(A)(1) through (3). We will now address whether he established the criteria in R.C. 2743.48(A)(4) and (5).

{¶ 14}   In 1993, the Supreme Court of Ohio interpreted R.C. 2743.48(A)(4), holding: "claimants seeking compensation for wrongful imprisonment must prove that at the time of the incident for which they were initially charged, they were not engaging in any other criminal conduct arising out of the incident for which they were initially charged."   *Gover* at syllabus. The Supreme Court explained the rationale behind its interpretation of R.C. 2743.48(A)(4):

> The requirement that "no criminal proceeding * * * can be brought * * * against the individual for any act associated with that conviction" is of critical importance.   This statutory language is intended to filter out those claimants who have had their convictions reversed, but were committing a different offense at the time that they were engaging in the activity for which they were initially charged.

When the General Assembly enacted Ohio's wrongful imprisonment legislation, it "intended that the court of common pleas actively separate those who were wrongfully imprisoned from those who have merely avoided criminal liability."

*Id.* at 95, quoting *Walden v. State*, 47 Ohio St.3d 47, 52, 547 N.E.2d 962 (1989).

{¶ 15} It is undisputed that James was charged with, and convicted of, Having Weapons While Under Disability for a criminal act that occurred at the same time as the criminal acts forming the basis of the remaining three counts of the indictment, which resulted in the subsequent thirteen-year prison sentence for which James claims he was wrongfully imprisoned. At first glance, the Supreme Court's holding in *Gover* appears to require that James's conviction for Having Weapons While Under Disability precludes him, as a matter of law, from satisfying R.C. 2743.48(A)(4). However, this result would ignore the particular facts addressed by the *Gover* court and the 2003 Amendment to R.C. 2743.48(A).

{¶ 16} At the time of *Gover*, R.C. 2743.48(A)(5) stated:

Subsequent to his sentencing and during or subsequent to imprisonment, it was determined by a court of common pleas that the offense of which he was found guilty, including all lesser-included offense, either was not committed by him or was not committed by any person.

{¶ 17} In December 2002, the 124th General Assembly enacted Sub.S.B. No. 149, which added language allowing a claimant to satisfy R.C. 2743.48(A)(5) by demonstrating an error in procedure that resulted in the individual's release. By adding this language, the General Assembly provided an alternative to the condition that a claimant either had not committed the offense or that the offense had not been committed by any other person. In other words, a

claimant no longer had to prove actual innocence in order to satisfy (A)(5). This amendment to (A)(5) became effective April 9, 2003.

{¶ 18} In *Hill v. State*, 10th Dist. Franklin No. 12AP-635, 2013-Ohio-1968, the Court of Appeals for the Tenth District recently addressed the effect of the 2003 amendment in relation to the *Gover* court's interpretation of R.C. 2743.48(A)(4). The Tenth District explained, at ¶ 26-30:

> In *Gover*, the Supreme Court specifically interpreted subsection (4) of R.C. 2743.48, as in effect in 1993. Gover, the WI claimant, had been charged and convicted of the crime of safecracking based on his conduct on September 13, 1988. On that date, Gover was arrested after a police officer observed him emptying his pockets of coins, costume jewelry, and other items that had earlier been part of a restaurant display that apparently resembled, but was not, a safe. *See State v. Gover*, 67 Ohio App.3d 384 (1st. Dist.1990). The restaurant's general manager had previously observed Gover in the restaurant moving in a crouched position and exiting the restaurant with bulging pockets. On appeal, the court of appeals reversed the conviction as the state could not prove the existence of an actual safe or vault. Accordingly, the state had not proven all elements of the crime of safecracking of which Gover had been convicted, and the court of appeals reversed that conviction.

> Gover subsequently filed an action seeking adjudication as a wrongfully imprisoned individual. The Supreme Court acknowledged that Gover had not committed the offense of safecracking with respect to his conduct on September

13, 1988, but opined that Gover "was nevertheless committing other criminal offenses," *Gover v. State* at 96, and suggested that the prosecutor might have charged him with burglary, rather than safecracking. The Supreme Court remanded the wrongful-imprisonment case to the civil trial court for it to determine whether Gover had committed offenses other than safecracking on the date of the alleged criminal conduct.[] In an opinion written by Justice Pfeifer, the Supreme Court explained that subsection (4) is "intended to filter out those claimants [for compensation] who have had their convictions reversed, but were committing a different offense at the time that they were engaging in the activity for which they were initially charged." *Id.* at 95. Similarly, consistent with the statute as then in effect, the court concluded that "[w]hen the General Assembly enacted Ohio's wrongful imprisonment legislation, it 'intended that the court of common pleas actively separate those who were wrongfully imprisoned from those who have *merely avoided criminal liability*.' " (Emphasis added.) *Id.*, citing *Walden* at 47 Ohio St.3d 52. These observations were made in 1993, prior to the 2003 amendment to R.C. 2743.48(A)(5) and at a time when a WI claimant was required to prove actual innocence.

In the case before us, the state argues that Hill, by pleading no contest, admitted that he was in possession of crack cocaine and that he therefore "merely avoided criminal liability" based on application of the exclusionary rule. The state relies on the Supreme Court's statements in *Gover* and Hill's plea of no contest after the trial court denied his motion to suppress. It argues that Hill may not be

deemed to be a wrongfully imprisoned individual because his lack of actual innocence on December 19, 2009 precludes a finding that Hill satisfied subsection (A)(4) of R.C. 2743.48.       In making this argument, the state seeks to graft the innocence component of subsection (5) of R.C. 2743.48(A) into subsection (4) based on *Gover*'s description of the overarching purpose of the wrongful-imprisonment statute as in effect in 1993.   But, as discussed earlier in this decision, and as recognized by the Supreme Court of Ohio in *Doss,* the General Assembly in enacting Sub.S.B.No. 149 in 2002 effected a substantive change to the statutory wrongful-imprisonment compensation scheme. It "expanded the criteria by which a claimant could establish that he or she is a wrongfully imprisoned individual."   *Griffith* [*v. Cleveland*], [128 Ohio St.3d 35,] 2010-Ohio-4905, ¶ 21. After that statutory change, a released prisoner may establish his status as a wrongfully imprisoned individual without proving his innocence if he can instead establish that he was released as the result of an error in procedure. *See Griffith* at ¶ 29 (describing the addition of the "error in procedure" provision of R.C. 2743.48(A)(5) as establishing an "alternative" to the determination whether the claimant "committed the offense").

In determining whether Hill established the R.C. 2743.48(A)(4) criterion, we must apply the current text of that provision, rather than decide the case based on observations made in *Gover* concerning  the pre-2003 version of the statute. That is, we must determine  whether Hill proved by a preponderance of the evidence[] that "no criminal proceeding is pending, can be brought, or will be

brought by any prosecuting attorney, city director of law, village solicitor, or other chief legal officer of a municipal corporation against the individual for any act associated with that conviction" and not whether Hill's release from prison represented merely the avoidance of criminal liability. In short, comments in *Gover* based on the text of a prior version of R.C. 2743.48(A) simply cannot prevail over contradictory text in the current version of the statute.

{¶ 19} We agree with the Tenth District's analysis in *Hill*. Consequently, James's conviction for Having Weapons While Under Disability does not preclude James from satisfying R.C. 2743.48(A)(4) if James can establish that his convictions on the other charges have been vacated and the prosecuting attorney cannot pursue further criminal proceedings on those charges. R.C. 2743.48(A)(4). It is undisputed that James's convictions were vacated as a result of federal habeas corpus proceedings. Furthermore, the State cannot re-try James on those underlying charges because the trial court dismissed those three charges with prejudice in 2009. Therefore, James has established, through a preponderance of the evidence, that he has satisfied the criteria in R.C. 2743.48(A)(4).

{¶ 20} Next, James must satisfy R.C. 2743.48(A)(5). Pursuant to this section, James must establish that "[s]ubsequent to sentencing and during or subsequent to imprisonment, an error in procedure resulted in [his] release * * * ." The "error in procedure" occurred when the trial court proceeded to trial without obtaining from James a knowing and intelligent waiver of his right to counsel at trial. This error ultimately led to the vacation of James's convictions. We conclude that this satisfies R.C. 2743.48(A)(5).

{¶ 21} The State contends that only "structural error" can qualify as "procedural error"

pursuant to R.C. 2743.48(A)(5). We do not agree. The plain language of R.C. 2743.48(A)(5) does not limit the term "procedural error" to structural error. If the General Assembly had intended that only structural errors could satisfy R.C. 2743.48(A)(5), then the General Assembly presumably would have used the term structural error, rather than procedural error. Furthermore, a failure to obtain a knowing and intelligent waiver of a defendant's right to counsel at trial arguably satisfies even the more strict structural error standard, since the result is that the defendant is totally deprived of counsel at trial. *See State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227, ¶ 54-56 (Moyer, C.J., concurring in judgment only).

{¶ 22} The State also contends that the error in procedure that occurred must have occurred after sentencing. According to the State, the error of procedure in this case occurred during trial, and therefore cannot satisfy R.C. 2743.48(A)(5). We do not agree. As the *Hill* court explained, at fn. 4:

> [W]e note that the initial phrase of R.C. 2743.48(A)(5) provides that "[s]ubsequent to sentencing and during or subsequent to imprisonment" (emphasis added), an error in procedure resulted in the prisoner's release or a trial court determined that the claimant was actually innocent. The text emphasized above existed in the statute prior to the 2003 amendment, and we do not believe that this modifying language relates to the timing of the commission of errors of procedure. We are unaware of any procedural error that could conceivably result in a convict's release from prison if the error occurred after conviction and sentencing. To read the phrase as including only post-sentencing procedural errors would render the amendment meaningless. * * * Rather, we believe that the "subsequent

to sentencing" phrase modifies the timing of the convict's release, i.e., it mandates that the individual be released from prison subsequent to sentencing, based on an error of procedure that occurred before sentencing. We further note that the Legislative Service Commission in its Final Bill Analysis of Sub.S.B. No. 149, described the bill as including a new provision that "an error in procedure resulted in the individual's release as an alternative to the condition that subsequent to sentencing and during or subsequent to imprisonment it was determined by the court of common pleas that the offense of which the individual was found guilty was not committed by the individual or by any other person."

{¶ 23}  We agree with the Tenth District's reasoning in *Hill*.  The only logical interpretation of the phrase "[s]ubsequent to sentencing and during or subsequent to imprisonment" is that this phrase describes the timing of the individual's release, or the court's determination that no offense was committed.   R.C. 2743.48(A)(5).

{¶ 24}  James's sole assignment of error is sustained.

### IV. Conclusion

{¶ 25}  James's sole assignment of error having been sustained, the judgment of the trial court is Reversed, and this cause is Remanded for the trial court to enter summary judgment in James's favor.

. . . . . . . . . . . . .

FROELICH, P.J., and DONOVAN, JJ., concur.

Copies mailed to:

Michael DeWine
Peter L. Jamison
D. Andrew Wilson
Andrew P. Pickering
Derek A. Farmer
Hon. Douglas M. Rastatter