[Cite as *McClain v. State*, 2014-Ohio-1711.]

IN THE COURT OF APPEALS OF OHIO
TENTH APPELLATE DISTRICT

Anthony McClain,                          :

      Plaintiff-Appellant,            :

                                          No. 13AP-427

v.                                        :           (C.P.C. No. 11CV-11-4270)

State of Ohio,                            :           (REGULAR CALENDAR)

      Defendant-Appellee.             :

---

D E C I S I O N

Rendered on April 22, 2014

---

*The Owen Firm, LLC*, and *James Owen*, for appellant.

*Michael DeWine*, Attorney General, and *Debra Gorrell Wehrle*, for appellee.

---

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Plaintiff-appellant, Anthony McClain, appeals from a judgment of the Franklin County Court of Common Pleas granting summary judgment to defendant-appellee, the State of Ohio, on his statutory claim for a determination that he was a wrongfully-imprisoned individual. For the following reasons, we reverse that judgment and remand the matter for further proceedings.

## I. Factual and Procedural Background

{¶ 2} In 1995, a grand jury indicted appellant with one count of murder and a firearm specification arising from the death of Philip White in Cincinnati, Ohio. The state alleged that appellant murdered White after a drug buy gone bad. A jury found him

guilty and the trial court sentenced him to 18 years to life.[1]  Appellant subsequently sought and received a new trial based on newly discovered evidence.  In 2006, a jury in his second trial found appellant not guilty of murder.  No other criminal charges have ever been filed against him arising out of the murder.

{¶ 3}  On November 16, 2011, appellant filed a complaint in the trial court seeking a determination that he was a wrongfully-imprisoned individual pursuant to R.C. 2743.48(A).  The state requested summary judgment on appellant's claim.  In relevant part, the state argued that appellant did not satisfy the statutory definition of a wrongfully-imprisoned individual because he was engaged in other criminal activity during the incident that gave rise to White's murder.  R.C. 2743.48(A)(4).[2]  Appellant requested partial summary judgment on his own behalf, claiming that as a matter of law he satisfied the first four of the five statutory requirements.  R.C. 2743.48(A)(1) through (5).

{¶ 4}  The trial court agreed with the state that appellant could not satisfy the requirement set forth in R.C. 2743.48(A)(4) because he was attempting to purchase drugs from White shortly before White was murdered.  Accordingly, the trial court granted the state's motion for summary judgment.  The trial court also concluded that appellant's own motion for partial summary judgment was moot in light of its ruling.

## II. The Appeal

{¶ 5}  Appellant appeals the trial court's determination that he is not a wrongfully-imprisoned individual and assigns the following errors:

> [1.] The Common Pleas Court erred when it found that McClain failed to satisfy condition four (4) of Ohio Revised Code, section 2743.48 as a matter of law by disregarding the language of Gover v. State, 67 Ohio St.3d 93 (1993), which interprets an "act associated with th[e] conviction" as contemporaneous criminal conduct "arising out of the incident for which [the plaintiff was] initially charged."
>
> [2.] The Common Pleas Court erred when it failed to grant McClain partial summary judgment and hold that McClain

---

[1]  *See State v. McClain*, 1st Dist. No. C-950859 (Aug. 28, 1996).

[2] The state also argued that appellant could not prove his actual innocence.  R.C. 2743.48(A)(5).  The trial court denied the state's motion on this ground, concluding that genuine issues of material fact existed as to his innocence.  The state has not appealed that decision.

meets the first two parts of condition four (4) and conditions one (1) through three (3) of the wrongful imprisonment statute, section 2743.48.

## A. Standard of Review

{¶ 6}  The trial court granted the state's motion for summary judgment.  Appellate review of summary judgment motions is de novo.  *Andersen v. Highland House Co.*, 93 Ohio St.3d 547, 548 (2001).  " 'When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court.' "  *Abrams v. Worthington*, 169 Ohio App.3d 94, 2006-Ohio-5516, ¶ 11 (10th Dist.), quoting *Mergenthal v. Star Banc Corp.*, 122 Ohio App.3d 100, 103 (12th Dist.1997).  Civ.R. 56(C) provides that a trial court must grant summary judgment when the moving party demonstrates that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made.  *Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, ¶ 6.

## B. The Wrongful Imprisonment Statute–R.C. 2743.48

{¶ 7}  The wrongful imprisonment statute, R.C. 2743.48, allows a person who satisfies the definition of a wrongfully-imprisoned individual to commence a civil action against the state in the Court of Claims to recover damages because of the person's wrongful imprisonment.  R.C. 2743.48(D).  A court of common pleas must initially determine whether the person satisfies the definition of a wrongfully-imprisoned individual. R.C. 2743.48(B)(1).  *Doss v. State*, 135 Ohio St.3d 211, 2012-Ohio-5678, ¶ 10.

### 1. A Wrongfully-Imprisoned Individual

{¶ 8}  Pursuant to R.C. 2743.48(A)(1) through (5), a wrongfully-imprisoned individual is a person who satisfies each of the following:

(1) The individual was charged with a violation of a section of the Revised Code by an indictment or information, and the violation charged was an aggravated felony or felony.

(2) The individual was found guilty of, but did not plead guilty to, the particular charge or a lesser-included offense by the court or jury involved, and the offense of which the

individual was found guilty was an aggravated felony or felony.

(3) The individual was sentenced to an indefinite or definite term of imprisonment in a state correctional institution for the offense of which the individual was found guilty.

(4) The individual's conviction was vacated, dismissed, or reversed on appeal, the prosecuting attorney in the case cannot or will not seek any further appeal of right or upon leave of court, and no criminal proceeding is pending, can be brought, or will be brought by any prosecuting attorney, city director of law, village solicitor, or other chief legal officer of a municipal corporation against the individual for any act associated with that conviction.

(5) Subsequent to sentencing and during or subsequent to imprisonment, an error in procedure resulted in the individual's release, or it was determined by the court of common pleas in the county where the underlying criminal action was initiated that the charged offense, including all lesser-included offenses, either was not committed by the individual or was not committed by any person.

{¶ 9} A person seeking to be declared a wrongfully-imprisoned individual must prove each of these requirements by a preponderance of the evidence. *Doss* at ¶ 22. The state does not dispute that appellant satisfied the first three requirements of the definition. However, the state argues that he did not satisfy the requirement in R.C. 2743.48(A)(4). We disagree.

### 2. R.C. 2743.48(A)(4) and *Gover v. State*

{¶ 10} In 1993, the Supreme Court of Ohio interpreted the R.C. 2743.48(A)(4) requirement in *Gover v. State*, 67 Ohio St.3d 93 (1993) as follows:

"[N]o criminal proceeding * * * can be brought * * * against the individual for any act associated with that conviction" is of critical importance. This statutory language is intended to filter out those claimants who have had their convictions reversed, but were committing a different offense at the time that they were engaging in the activity for which they were initially charged. When the General Assembly enacted Ohio's wrongful imprisonment legislation, it "intended that the court of common pleas actively separate those who were wrongfully imprisoned from those who have merely avoided criminal liability."

*Id.* at 95, quoting *Walden v. State*, 47 Ohio St.3d 47, 52 (1989).

{¶ 11} Ultimately, the court held that "claimants seeking compensation for wrongful imprisonment must prove that at the time of the incident for which they were initially charged, they were not engaging in any other criminal conduct arising out of the incident for which they were initially charged." *Gover* at 95.

{¶ 12} Relying on *Gover*, the state argues that because appellant admitted to purchasing drugs from White, and thereafter attempted to arrange another drug purchase from White shortly before White was murdered, appellant engaged in other criminal conduct during the incident for which he was initially charged, and therefore, cannot satisfy the requirement in R.C. 2743.48(A)(4). We disagree.

{¶ 13} Not only are the present facts distinguishable from the facts in *Gover*, the definition of a wrongfully-imprisoned individual has changed since *Gover* was decided in 1993. At that time, the definition of a wrongfully-imprisoned individual included only those individuals who could prove actual innocence of the offenses, including any lesser included offenses. *See* former version of R.C. 2743.48(A)(5). The *Gover* court's interpretation of R.C. 2743.48(A)(4) was made in that context.

{¶ 14} In 2003, the legislature amended the definition of a "wrongfully imprisoned individual" to include individuals who could not establish actual innocence but who were released from prison as the result of an error in procedure. R.C. 2743.48(A)(5). Therefore, a wrongfully-imprisoned individual no longer includes only actually innocent people. In light of this statutory change, this court has noted that the "observations" and "comments" in *Gover* regarding the meaning of R.C. 2743.48(A)(4) "simply cannot prevail over contradictory text in the current version of the statute." *Hill v. State*, 10th Dist. No. 12AP-635, 2013-Ohio-1968, ¶ 30; *LeFever v. State*, 10th Dist. No. 12AP-1034, 2013-Ohio-4606, ¶ 26 (applying plain language of statute, which was "intended * * * to bar recovery to a claimant against whom criminal proceedings are still factually supportable and legally permissible following reversal"); *Jenkins v. State*, 10th Dist. No. 12AP-726, 2013-Ohio-5536, ¶ 17-18. *See also James v. State*, 2d Dist. No. 2013-CA-28, 2014-Ohio-140, ¶ 14-19.

{¶ 15} Even if appellant had been engaged in other criminal conduct during the incident for which he was initially charged, appellant would still satisfy R.C.

2743.48(A)(4) if "no criminal proceeding is pending, can be brought, or will be brought by any prosecuting attorney * * * against the individual for any act associated with that conviction."   R.C. 2743.48(A)(4).   The state simply ignores this statutory language. *Jenkins* at ¶ 18 (offender satisfies R.C. 2743.48(A)(4) because statute of limitations on other charges had expired and potential charges would violate offender's rights to speedy trial, thus no other charges could be brought).   *See also James* at ¶ 19 (offender satisfies R.C. 2743.48(A)(4) because the state could not retry him on charges that had been dismissed with prejudice).

{¶ 16} Here, the other alleged criminal acts cited by the state occurred in 1995. Because those acts occurred almost 20 years ago, it would appear that the criminal statute of limitations, R.C. 2901.13, prevents those charges from being brought by the prosecuting attorney now.   However, the record is unclear regarding the precise charges that could be brought against appellant and whether those charges are barred by the applicable statute of limitations.   Accordingly, we conclude that the trial court erred by granting the state summary judgment on the eligibility requirement of R.C. 2743.48(A)(4).   Issues of fact remain regarding whether criminal charges can or will be brought against appellant by any prosecuting attorney for any acts associated with his conviction.   We sustain appellant's first assignment of error and remand the matter for further proceedings on that issue in accordance with this decision.

### 3.  The Other Requirements in R.C. 2743.48(A)

{¶ 17} Appellant argues in his second assignment of error that the trial court should have addressed the arguments in his motion for partial summary judgment that he satisfied the other requirements in R.C. 2743.48(A)(1) through (4).  We disagree.

{¶ 18} An individual seeking to be declared a wrongfully-imprisoned individual under R.C. 2743.48(A) must prove each of the five requirements in that statute.  *Doss* at ¶ 22.   Because the trial court decided that appellant failed to satisfy one of those requirements, it was not required to address the others.  We note, however, that the state did not dispute that appellant satisfied the first three requirements.  Indeed, appellant was indicted for a felony, satisfying R.C. 2743.48(A)(1), was found guilty of but did not plead guilty to a felony, satisfying R.C. 2743.48(A)(2), and was sentenced to an indefinite or definite term of imprisonment as a result, satisfying R.C. 2743.48(A)(3).  Additionally,

his murder conviction was reversed on appeal after the appellate court ordered a new trial and the state could not appeal his acquittal after his second trial, satisfying the other parts of R.C. 2743.48(A)(4) not addressed above.  We also note that appellant must still satisfy the requirements contained in R.C. 2743.48(A)(5), which has not been addressed by the trial court.

{¶ 19}  We overrule appellant's second assignment of error.

## IV.  Conclusion

{¶ 20} We overrule appellant's second assignment of error, but sustain his first assignment of error.  Accordingly, we reverse the judgment of the Franklin County Court of Common Pleas and remand the matter for further proceedings to determine whether appellant is a wrongfully-imprisoned individual under R.C. 2743.48(A).

*Judgment reversed; cause remanded with instructions.*

TYACK and T. BRYANT, JJ., concur.

T. BRYANT, J., retired, of the Third Appellate District, assigned to active duty under authority of Ohio Constitution, Article IV, Section 6(C).